# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

KAREN LASKOWSKI, et al.,

    Plaintiffs

  v.

BROWN SHOE COMPANY, INC. et al.,

    Defendants

CIVIL ACTION NO. 3:14-CV-01812

(MEHALCHICK, M.J.)

## MEMORANDUM OPINION

  Pending before this Court is Defendants' motion to dismiss portions of Plaintiff's complaint. (Doc. 8). For the reasons stated herein, this Court will grant in part Defendants' motion to dismiss.

## I. BACKGROUND

  The instant action was initiated by the filing of a complaint in this matter on September 16, 2014. (Doc. 1). Plaintiffs Karen and Charles Laskowski filed this action under theories of strict product liability, negligence, breach of warranty,  misrepresentation, and violations of consumer protection laws, alleging that a pair of Avia A9995WWSL "toning shoes," manufactured by Defendants Brown Shoe Company, Inc., and American Sporting Goods Corporation, caused Plaintiff Karen Laskowski injury. (Doc. 1, at 3). Specifically, the complaint alleges that Plaintiff purchased a pair of toning shoes at the Boscov's Store located in Wilkes-Barre, Pennsylvania in February, 2013. (Doc. 1, at 3). She claims she purchased the shoes because of advertisements toting certain health benefits. (Doc. 1, at 3). On April 22, 2013, while wearing the shoes, she lost her balance and sustained a bimalleolar fracture and Reflex Sympathetic Dystrophy Syndrome. Plaintiffs allegedly have incurred medical bills, lost wages,

lost earning capacity, pain and suffering and lost enjoyment of life, which are permanent in nature.

On November 11, 2014, Defendants filed a motion to dismiss, (Doc. 8), together with a brief in support of the motion to dismiss. (Doc. 9). On December 2, 2014, Plaintiffs filed a brief in opposition to the motion to dismiss. (Doc. 10). On December 15, 2014, Defendants filed a reply brief. (Doc. 11). Having been fully briefed, this matter is ripe for disposition.

## II.   LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although the Court must accept the allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)).

Under Rule 12(b)(6), the defendant has the burden of showing that no claim has been stated. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991); *Johnsrud v. Carter*, 620 F.2d 29, 32–33 (3d Cir. 1980); *Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 495 (M.D. Pa. 2005). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference,

and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## III.   DISCUSSION

### A.   PLAINTIFFS' FIRST CAUSE OF ACTION – CLAIM FOR PUNITIVE DAMAGES

Defendants seek dismissal of Plaintiffs' claim for punitive damages on the ground that punitive damages are unavailable for claims that sound in ordinary negligence. (Doc. 9, at 5). In response, Plaintiffs argue that Defendants solely rely on cases involving motions for summary judgment or "appeals of verdicts where the evidence has been flushed out and the issues are more defined," whereas procedurally, this case has not developed beyond the instant motion to dismiss. (Doc. 10-1, at 2).

Under Pennsylvania law, punitive damages are only available to compensate "for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Cobb v. Nye*, No. 4:14-CV-0865, 2014 WL 7067578, at *3 (M.D. Pa. Dec. 12, 2014) (quoting *Hutchinson ex rel Hutchinson v. Luddy,* 870 A.2d 766, 770 (Pa. Super. Ct. 2005)). "As the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton, or reckless conduct." *Hutchison,* 870 A.2d at 770 (citing *SHV Coal, Inc. v. Continental Grain Co.,* 587 A.2d 702, 704 (1991); *Feld v. Merriam,* 485 A.2d 742, 747-48 (Pa. 1984); *Chambers v. Montgomery,* 192 A.2d 355, 358 (Pa. 1963); Restatement (Second) of Torts § 908, comment b).

Punitive damages "are awarded only for outrageous conduct, that is, for acts done with a bad motive or with a reckless indifference to the interests of others." *Calhoun v. Van Loon*, No. 3:12-CV-458, 2014 WL 3428876, at *2 (M.D. Pa. July 11, 2014) (quoting *SHV Coal, Inc.*, 587

A.2d at 705. "Ordinary negligence, involving inadvertence, mistake or error of judgment will not support an award of punitive damages." *Hutchinson*, 876 A.2d at 983-84. Under Pennsylvania law, an award of punitive damages is justified only where the plaintiff has established that the defendant acted "in an outrageous fashion due to either the defendant's evil motive or his reckless indifference to the rights of others." *Fedor v. Van Note-Harvey Associates*, No. CIV.A. 09-4932, 2011 WL 1043817, at *1 (E.D. Pa. Mar. 18, 2011); *citing Phillips v. Cricket Lighters*, 883 A.2d 439, 445–46 (Pa.2005); *see also Boring v. Google Inc.*, 362 Fed. App'x 273, 282 (3d Cir.2010), *citing Feld v. Merriam*, 485 A.2d 742, 747–48 (Pa.1984) ("Pennsylvania law provides that a defendant must have engaged in 'outrageous' or intentional, reckless or 'malicious' conduct to sustain a claim for punitive damages."); *Hutchinson v. Lundy*, 582 Pa. 114, 121, 870 A.2d 766, 770 (Pa.2005)(internal citation omitted) ("[P]unitive damages are appropriate for torts sounding in negligence when the conduct goes beyond mere negligence and into the realm of behavior which is willful, malicious, or so careless as to indicate wanton disregard for the rights of the parties injured.")."Ordinary negligence, involving inadvertence, mistake or error of judgment will not support an award of punitive damages." *Id.*; *citing Hutchinson v. Penske Truck Leasing Co.*, 876 A.2d 978, 983–84 (Pa.Super.Ct.2005). A punitive damages claim "must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Hutchison v. Luddy*, 870 A.2d 766, 772 (Pa.2005), *citing Martin v. Johns Manville Corp .*, 494 A.2d 1088, 1087–98 (Pa.1985).

In this case, the complaint alleges that "[d]espite the fact that Defendants knew or should have known that the toning shoes posed a significantly increased risk of falls . . . Defendants continued to market the toning shoes as a safe and healthy alternative to regular tennis shoes. Therefore, the Defendants recklessly and/or negligently failed in their duty to exercise reasonable care . . . ." (Doc. 1, at 4). The complaint further alleges that "[i]n taking the actions and omissions that caused these damages, Defendants were guilty of malice, oppression and fraud, and Plaintiffs are therefore entitled to recover punitive damages." (Doc. 1, at 5).

Even in viewing the complaint in the light most favorable to the Plaintiffs, the allegations do not support a claim for punitive damages. While the allegations may support a claim that Defendants were negligent, or grossly negligent, in marketing toning shoes with soles that create some instability to the individual wearing them as having added-value health benefits with the knowledge that injury may result from such use, the allegations are not enough to demonstrate a wanton disregard of the Plaintiffs by the Defendants. *See Fedor v. Van Note-Harvey Assocs.*, No. CIV.A. 09-4932, 2011 WL 1043817, at *2 (E.D. Pa. Mar. 18, 2011) ("Other than the broad and conclusory allegation that defendants' conduct was outrageous in that it was malicious, wanton, willful, oppressive and/or showed a reckless indifference to the interests, lives, and safety of others . . . , plaintiff's complaint contains no specific allegations that would support his claim for punitive damages.")(internal citations omitted); *Landsman v. Gustin Stone Supply, Inc.*, No. 307-CV-00202, 2007 WL 2068223, at *4 (M.D. Pa. July 17, 2007) (finding that plaintiff has not alleged facts suggesting that defendants' acts were so outrageous as to demonstrate willful, wanton, or reckless conduct, or that defendants acted in conscious disregard of a subjective appreciation of the alleged harm to plaintiff.) Specifically, while

Plaintiffs offer conclusory generalizations of Defendants' knowledge of an alleged defect in the toning shoes causing "increased risk of falls," no facts have been alleged with respect to the basis for Plaintiffs' assertion that Defendants had a subjective appreciation of the risk of injury that the toning shoes posed. Accordingly, this Court will grant Defendants' motion to dismiss as to Plaintiffs' punitive damages claim. However, Plaintiffs will be given leave to amend their complaint to allege specific facts showing that Defendants actions were not only negligent, but outrageous in that "(1) Defendants had a subjective appreciation of the risk of harm to which Plaintiff was exposed and that (2) they acted, or failed to act, in conscious disregard of that risk." *Landsman*, 2007 WL 2068223, at \*3 (citing *Hutchison,* 870 A.2d 766).

B. PLAINTIFFS' FRAUD CLAIMS (COUNTS ONE, FOUR AND SIX)

Defendants have moved to dismiss the general allegations of fraud contained in Plaintiffs' negligence count (Count 1), and the strict products liability and fraud claims (Counts Four and Six) on the grounds that these counts contain "general and conclusory allegations of fraud" that fail to comply with the pleading requirements of Rule 9(b). (Doc. 9, at 6-8).  Upon review of the complaint, it appears that Defendants take issue with paragraphs nineteen (19), forty-two (42) and fifty-five (55), which state: "In taking the actions and omissions that caused these damages, Defendants were guilty of malice, oppression and *fraud* . . . ." (Doc. 1, at 5; Doc. 1, at 9; Doc. 1, at 11) (emphasis added). In response, Plaintiffs submit that the application of Rule 9(b) is relaxed when the factual information pertaining to the alleged fraud is within the control of the Defendants. (Doc. 10-1, at 3).

Rule 9(b) of the Federal Rules of Civil Procedure requires a plaintiff alleging fraud or mistake to "plead with particularity the circumstances constituting fraud or mistake."

Fed.R.Civ.P. 9(b). Consequently, when a litigant alleges fraud, he must plead "(1) a specific false representation of material fact (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his damage." *U.S. ex rel. Budike v. PECO Energy*, 897 F.Supp. 2d 300, 316 (E.D. Pa. 2012)(citing *Shapiro v. UJB Fin. Corp.,* 964 F.2d 272, 284 (3d Cir. 1992)). "Rule 9(b) essentially requires Plaintiffs to allege the who, what, when, where and how elements to state a claim arising in fraud." *See Weske v. Samsung Electronics, Am., Inc.*, 934 F. Supp. 2d 698, 703 (D.N.J. 2013), *motion to certify appeal denied* (Aug. 23, 2013) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1423 (3d Cir. 1997). This is to ensure "that defendants are placed on notice of the 'precise misconduct with which they are charged, and to safeguard defendants against spurious charges' of fraud." *Craftmatic Sec. Litig. v. Kraftsow*, 890 F.2d 628, 645 (3d Cir. 1989) (quoting *Seville Industrial Machinery Corp. v. Southmost Machinery Corp.,* 742 F.2d 786, 791 (3d Cir. 1984), *cert. denied,* 469 U.S. 1211 (1985). However, "[w]here plaintiffs can demonstrate that specific information is in the exclusive control of the defendant, the Court relaxes the showing required under Rule 9(b)." *Id.*(citing *In re Craftmatic Secs. Litig.*, 890 F.2d 628, 645 (3d Cir. 1989)). A plaintiff satisfies the pleading requirements of Rule 9(b) when a defendant has "fair notice" of the charges against him. *U.S. ex rel. Budike v. PECO Energy*, 897 F. Supp. 2d 300, 316 (E.D. Pa. 2012) (citing *United States v. Kensington Hosp.,* 760 F.Supp. 1120, 1126 (E.D.Pa.1991)).

While this Court recognizes that focusing on the "particularity" language is often "too narrow an approach and fails to take account of the general simplicity and flexibility contemplated by the rules," Plaintiffs have failed to "adequately describe[ ] the nature and

subject of the alleged misrepresentation" with sufficient detail to withstand a motion to dismiss under Rule 9(b). *In re Craftmatic Secs. Litig.*, 890 F.2d at 645. Moreover, Plaintiffs have not provided any reason to relax the Rule 9(b) pleading requirements by "accompany[ing] their allegations with facts indicating why the charges against defendants are not baseless and why additional information lies exclusively within defendants' control." *Id.* Specifically, Plaintiffs merely allege that Defendants knew or should have known that Avia toning shoes could fail during foreseeable use and failed to adequately warn consumers of the risk associated with their use. These allegations do not place Defendants on notice of the precise misconduct with which it is charged. As such, to the extent Plaintiffs intend on pursuing a claim for fraudulent concealment, this Court will grant Defendants' motion to dismiss these allegations, and grant Plaintiffs leave to correct these deficiencies and allege fraud with sufficient specificity.

### C. PLAINTIFFS' STRICT PRODUCTS LIABILITY (FAILURE TO CONFORM) CLAIM (COUNT FIVE)

Defendants seek to dismiss Count Five of Plaintiffs' complaint, alleging strict product liability for failure to conform to representations, on the basis that it is a "veiled fraud claim," which they argue does not conform to the pleading requirements of Rule 9(b). (Doc. 9, at 8). Plaintiffs have labeled this cause of action "Strict Products Liability (Failure to Conform to Representations)." Based on the label of this cause of action and the facts alleged in support of the claim, this appears to be a misrepresentation claim under Restatement (Second) of Torts § 402B . This provision, entitled "Misrepresentation By Seller of Chattels to Consumer" states:

> One engaged in the business of selling chattels who, by advertising, labels, or otherwise, makes to the public a misrepresentation of a material fact concerning the character or quality of a chattel sold by him is subject to liability for physical harm to a consumer of the chattel caused by justifiable reliance upon the misrepresentation, even though (a) it is not made fraudulently or negligently, and

(b) the consumer has not bought the chattel from or entered into any contractual relation with the seller.

Pennsylvania has adopted this section of the Restatement. *See Klages v. Gen. Ordnance Equip. Corp.,* 367 A.2d 304, 310 (Pa. Super. Ct. 1976). In order to overcome a motion to dismiss on a misrepresentation claim under the Restatement (Second) of Torts §402B, plaintiff must allege a "misrepresentation of 'material facts'" and "'justifiable reliance' on the misrepresentation." *Wolfe v. McNeil-PPC, Inc.*, 773 F. Supp. 2d 561, 573 (E.D. Pa. 2011)(quoting Restatement (Second) of Torts § 402B, cmts. g, j). Here, the complaint alleges that "Defendants made representations to consumers regarding the character or quality of Avia toning shoes, including but not limited to statements that the Avia toning shoes had health benefits" and that Plaintiff "justifiably relied upon Defendants' representation regarding the Avia toning shoes." (Doc. 1, at 10). In construing this cause of action as a claim governed by Restatement (Second) of Torts § 402B, this Court finds that Plaintiffs have sufficiently alleged a misrepresentation claim under Restatement (Second) of Torts § 402B. *See Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014) ("[N]o heightened pleading rule requires plaintiffs . . . to invoke [a cause of action] expressly in order to state a claim.").

However, to the extent Plaintiffs intended to advance a misrepresentation claim grounded in a theory of fraud, Plaintiffs must conform to the pleading requirements of Rule 9(b). Accordingly, this Court will grant Plaintiffs leave to amend their complaint to clarify the

theory of liability Plaintiffs wish to advance in this cause of action, and to properly allege a fraudulent misrepresentation claim in accordance with Rule 9(b) if Plaintiffs desire to do so.[1]

### D. Plaintiffs' Misrepresentation Claim (Count Nine)

With respect to Plaintiffs' Ninth Cause of Action, alleging both negligent and intentional misrepresentation, Defendants contend that Plaintiffs have failed to set forth a claim for intentional misrepresentation in accordance with Rule 9(b). (Doc. 9 at 9). "Under Pennsylvania law, the elements of intentional misrepresentation are: '(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or with recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) injury resulting [from] and proximately caused by the reliance.'" *Yakubov v. GEICO Gen. Ins. Co.*, No. CIV.A. 11-3082, 2011 WL 5075080, at *3 (E.D. Pa. Oct. 24, 2011). "These elements are equivalent to those of fraud and, as such, the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) apply." *Id.* As such, a "plaintiff is required to allege with particularity the 'who, what, when, where, and how' of the alleged intentional misrepresentation." Plaintiffs have failed to do so here. Specifically, Plaintiffs make the following claims:

---

[1] This Court notes that Plaintiffs' Ninth Cause of Action also advances intentional and/or negligent misrepresentation claims. Given this Court's holding with respect to Plaintiffs' Fifth Cause of Action, Plaintiffs are encouraged to amend their complaint in such a manner as to avoid duplicative theories of liability if Plaintiffs decide to amend their Fifth Cause of Action to reflect a misrepresentation claim sounding in negligence or fraud rather than a misrepresentation claim under Restatement (Second) of Torts § 402B.

72. . . . Defendants negligently and/or intentionally made misrepresentations without a reasonable basis therefore and did not possess information on which to accurately base such representations. . . .

74. Further, the Plaintiff's contend that the Defendants were aware that they did not possess sufficient information upon which to accurately base representations regarding the health benefits of the Avia toning shoes described herein and concealed such dangers from the Plaintiffs in that there was no reasonable basis for making such representation . . . .

75. Defendants knowingly and intentionally made materially false and misleading representations to Plaintiff and to the public, including but not limited to the following as to the health benefits of purchasing and using the Avia toning shoes.

76. In reliance upon the misrepresentation of the Defendants supplied to the public and to Plaintiff, the Plaintiff . . . was induced to . . . the use of the product mentioned above. If the Plaintiff . . . had known the true facts regarding the defective nature of the utility, or lack thereof, of toning shoes, she would not have taken such risks. . . .

78. Based on the foregoing, the Plaintiff . . . has suffered and continues to suffer pain and disability.

(Doc. 1, at 13-14).

These general and conclusory allegations fail to meet the pleading requirements of Rule 9(b). While Plaintiffs represent that the shoes were purchased on the basis of their advertising, Plaintiffs do not allege with specificity who made the advertisements, when or where the advertisements were made, or what the advertisements communicated beyond their vague health benefits. As Plaintiffs have failed to state a claim for intentional misrepresentation, the Court will dismiss Plaintiffs Ninth Cause of Action but will allow Plaintiffs an opportunity to amend their complaint to conform to the pleading requirements of Rule 9(b).

E. Plaintiffs' Consumer Protection Law Claim (Count Ten)

Defendants submit that Plaintiffs have failed to sufficiently plead their Uniform Trade Practices Consumer Protection Law claim ("UTPCPL") in accordance with Rule 9(b) of the Federal Rule of Civil Procedure. (Doc. 9, at 10). Specifically, Defendants aver that the UTPCPL is "founded on the prevention of fraud and as such, a plaintiff is required to plead a claim under the UTPCPL pursuant to Rule 9(b)." *Slemmer v. McGlaughlin Spray Foam Insulation, Inc.*, 955 F. Supp. 2d 452, 463 (E.D. Pa. 2013). In response, Plaintiffs argue that the wording of the Complaint sufficiently places Defendants on notice of the particular actions alleged which give rise to this cause of action. However, they request leave to amend the complaint if this Court finds that the complaint fails to properly state a claim under the UTPCPL.

Rule 9(b) "applies not only to fraud actions under federal statutes, but to fraud claims based on state law." *Christidis v. First Pa. Mortg. Trust,* 717 F.2d 96, 99 (3d Cir. 1983). The "'catch-all' provision of the UTPCPL prohibits '[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.'" 73 Pa. Stat. Ann. § 201–2(xxi). A "plaintiff may succeed under the catch-all provision by satisfying the elements of common-law fraud *or* by otherwise alleging deceptive conduct." *Vassalotti v. Wells Fargo Bank, N.A.,* 732 F.Supp.2d 503, 510 (E.D. Pa. 2010)(emphasis added). As such, "a plaintiff alleging deceptive conduct may proceed without satisfying the particularity requirement" of Rule 9(b). *Id.* at 511; *Seldon v. Home Loan Servs., Inc.,* 647 F.Supp.2d 451, 469 (E.D. Pa. 2009) ("[T]o the extent plaintiffs allege deceptive conduct, plaintiffs do not need to allege the elements of common law fraud or, as a result, meet Rule 9(b)'s particularity requirement . . . .").

In this case, Plaintiffs allege that "Defendants' deceptive, unconscionable, or fraudulent representations and material omissions to patients, physicians and consumers . . . constituted unfair and deceptive acts and trade practices in violation of the state consumer protection statutes . . . ." (Doc. 1, at 15). It appears that Plaintiffs claims constitute allegations of both fraudulent and deceptive conduct. As such, Plaintiff's must meet the heightened particularity requirements of Rule 9(b) to the extent they are alleging fraudulent activity. *See Seldon*, 647 F.Supp. 2d at 469 ("[I]f a plaintiff alleges deceptive conduct, a plaintiff need not allege the elements of common law fraud but conversely, must do so if a plaintiff alleges fraudulent conduct."). Specifically, Plaintiffs "must plead the following elements with particularity: (1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his damage." *Rosenberg v. Avis Rent A Car Sys., Inc.*, No. CIV.A 07-1110, 2007 WL 2213642, at *5 (E.D. Pa. July 31, 2007) (citing *Fass v. State Farm Fire & Cas. Co.,* No. 06-02398, 2006 WL 2129098, at *2 (E.D. Pa. July 26, 2006); *U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.,* 255 F.Supp. 2d. 351, 407 (E.D. Pa. 2002); *Lutzky v. Petcove,* No. 06-2229, 2006 WL 2456466, at *2 (E.D. Pa. Aug. 21, 2006)).

However, to the extent that Plaintiffs intended to solely allege a violation of the catchall provision on the basis of deceptive conduct, Plaintiffs need not plead the elements of common law fraud in accordance with Rule 9(b)'s particularity requirement. As such, this Court will grant Plaintiffs leave to amend their complaint to clarify this cause of action and further, to allege a violation of the UTPCPL arising from fraudulent action in accordance with Rule 9(b) if Plaintiffs wish to do so.

IV.     CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED in part and DENIED in part**. Plaintiffs are granted leave to amend their complaint in accordance with the foregoing. Specifically, with regard to Plaintiffs' claim for punitive damages, and their fraud, misrepresentation and consumer protection claims, Defendants' motion is granted, and Plaintiffs are granted leave to amend their complaint in support of their claim for punitive damages, and in accordance with Rule 9(b) with respect to their fraud, misrepresentation and consumer protection claims. To the extent Plaintiffs are alleging a misrepresentation claim under Restatement (Second) of Torts § 402B in their Fifth Cause of Action, Defendants' motion to dismiss is denied.

An appropriate Order will follow.

BY THE COURT:

**Dated: March 20, 2015**                                    *s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States Magistrate Judge**